IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN H. BOONE,        ) | |
|                                      ) | |
|            Plaintiff, ) | |
|                                      ) | |
|        v.                        ) | C.A. No. 18-1663 (MN) |
|                                      ) | |
| PROBATION AND PAROLE OF NEW ) | |
| CASTLE COUNTY, DE, et al., ) | |
|                                      ) | |
|            Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

Kevin H. Boone, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

April 24, 2019
Wilmington, Delaware

![signature: Maryellen Noreika]

**NOREIKA, U.S. District Judge:**

Plaintiff Kevin H. Boone ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3, 6). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**I.     BACKGROUND**

When the action was commenced, in addition to Plaintiff, Ralph Lewis Boone, Michelle Louise Boone, and Steven Michael Boone were named Plaintiffs. Ralph Lewis Boone, Michelle Louise Boone, and Steven Michael Boone were dismissed as Plaintiffs on December 11, 2018. (*See* D.I. 10). The Defendants are Probation and Parole of New Castle County, Delaware ("Probation and Parole"), Delaware State Police Troop ("DSP"), and Probation/Parole Officer Leo Matkins ("Matkins"). Plaintiff alleges violations of the Fourth Amendment, perjury, defamation of character, slander, and withholding personal information and documentation.

Plaintiff is a convicted sex offender. The Complaint refers to two incidents that occurred on separate dates. The first incident occurred on November 30, 2017, when Matkins determined that Plaintiff was in violation of his probation, and Plaintiff was arrested. Multiple probation and DSP officers subsequently searched Plaintiff's room at his parents' house. Plaintiff indicates this is the standard operating procedure after violating a probationer. He alleges that an orange folder was taken from his bedroom. The bedroom of Plaintiff's brother, Steven Michael Boone, was also searched and items were seized. Plaintiff alleges the search of his brother's bedroom was unconstitutional because it was searched without the officers first obtaining a search warrant.

---

[1]     When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

Plaintiff alleges that the items taken significantly hindered his brother's efforts to complete his school work.

The second incident occurred on December 20, 2017, when Plaintiff alleges that Matkins gave perjured testimony and defamed him during Plaintiff's violation of probation hearing and testified that Plaintiff had been assessed a "high risk to reoffend." (D.I. 3 at 6). Plaintiff alleges he later found out that treatment staff rated him as a "moderate risk to reoffend." (*Id.*).

For relief, Plaintiff seeks compensatory damages and the return of his orange folder. He also seeks the termination or reprimand of Matkins and the police and probation officers who searched his parents' residence.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF*

*Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S. Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Motion to Amend

Plaintiff moves to amend to dismiss the DSP and previously dismissed Plaintiffs. He also wishes to add two exhibits to the action. (D.I. 15). Pursuant to Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend] when justice so requires."

The Court will grant the motion although it notes that Ralph Lewis Boone, Michelle Louise Boone, and Steven Michael Boone have already been dismissed as Plaintiffs. (D.I. 10)

4

### B. Eleventh Amendment Immunity

Plaintiff's claims against Probation and Parole are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Office of Probation and Parole in New Castle County falls under the umbrella of the Delaware Department of Correction, a state agency. *See* http://www.doc.delaware.gov/views/contactus.blade.shtml (last visited Apr. 22, 2019)

The Eleventh Amendment of the United States Constitution protects a nonconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the foregoing Defendant is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Therefore, the Court will dismiss the claims against Probation and Parole as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### C. Standing

Plaintiff alleges his bedroom was searched under standard operating procedures when probation is violated. He does not allege that his bedroom was unlawfully searched. Instead, he alleges an unlawful search of his brother's bedroom occurred on November 30, 2017. Plaintiff's brother, Steven, however, is not a party to this action. Nor does Plaintiff have standing to raise claims on his brother's behalf.

"The 'core component'" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343 (2006) (citations omitted). "A plaintiff must allege personal injury fairly traceable to the defendant" allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Also, "a plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp.*, 547 U.S. at 351 (citations omitted).

Here, Plaintiff alleges that his brother's bedroom was unlawfully searched and, as a result, his brother's efforts to complete his school work were significantly hindered. The Third Circuit determines the appropriateness of third-party standing with a three part test. *Nasir v. Morgan*, 350 F.3d 366, 376 (3d Cir. 2003) (citations omitted). "To successfully assert third-party standing: (1) the plaintiff must suffer injury; (2) the plaintiff and the third party must have a 'close relationship'; and (3) the third party must face some obstacles that prevent it from pursuing its own claims." *Id.*

The Complaint does not allege that Plaintiff was injured as a result of the search of his brother's bedroom.[2] Nor are there any allegations that Plaintiff's brother faced some obstacle to pursue his own claim. The claim is frivolous and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**D.  Witness Immunity**

Plaintiff alleges that Matkins committed perjury when he testified at Plaintiff's probation violation hearing that Plaintiff was a "high risk to reoffend" and not a "moderate risk to reoffend"

---

[2]  As alleged in the Complaint, the orange folder Plaintiff seeks to recover was taken from Plaintiff's bedroom, not his brother's bedroom.

as rated by treatment staff. To support his claim Plaintiff provides a sex offender risk and needs assessment and Matkins' recommendation. (D.I. 14). In the recommendation Matkins refers to treatment provider scores and states that Plaintiff's "scores on all 3 indicated he was High Risk." (D.I. 14 at 9). The evaluator who prepared the Sex Offender Risk and Needs Assessment stated she disagreed with two scores that considered Plaintiff a moderate risk for re-offense because Plaintiff had two sexual offenses within a three year interval. (D.I. 14 at 8). The evaluator stated that Plaintiff "should be a moderate high risk for recidivism." (*Id*.).

Regardless of the interpretation of the assessment, Matkins is immune from suit. Witnesses are immune from § 1983 liability where the claim is based on allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); (*Benckini v. Upper Saucon Twp*., 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings).

Therefore, the Court will dismiss the § 1983 claims against Matkins as he is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### E. Supplemental State Claims

Because the complaint fails to state a federal claim, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc*., 342 F.3d 301, 309 (3d Cir. 2003).

**IV.	CONCLUSION**

For the above reasons, the Court will:  (1) grant Plaintiff's motion to amend (D.I. 13); (2) dismiss the Complaint as legally frivolous and based upon Defendants' immunity from suit pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2); and (3) decline to exercise supplemental jurisdiction.  The Court finds amendment futile.

An appropriate Order will be entered.